UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | Case No. 10 C 2886 |
| | ) | |
|     v. | ) | District Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Geraldine Soat Brown |
| INGRID MITCHELL, | ) | |
|     Defendant. | ) | |

To:    The Honorable Robert M. Dow, Jr.
        United States District Court Judge

**REPORT AND RECOMMENDATION**

Geraldine Soat Brown, United States Magistrate Judge

    The Government has requested entry of a default judgment against defendant Ingrid Mitchell in regard to a Federal PLUS student loan issued to her in 1999. [Dkt 40.] The entry of a default judgment has been delayed, however, by the Government's failure to provide evidence of the correctly calculated interest rate and amount owed. Now that the Government has finally provided a proper calculation of the amount of Mitchell's indebtedness (Pl.'s Second Further Submission) [dkt 51], the court recommends entry of the requested default judgment.

1

## BACKGROUND

After reviewing the Government's initial request for a default judgment, the court recommended that an order of default be entered against Mitchell but that, because of problems with the Government's calculations, further proceedings were necessary to ascertain the correct amount of indebtedness before entry of a default judgment. (Rep. & Recom., Oct. 17, 2012.) [Dkt 44.] In objecting to this recommendation, the Government conceded that the interest rate included in its second amended complaint was incorrectly inflated, but asserted that it had lowered its requested judgment amount to reflect the correct rate. (Pl.'s Obj. to Rep. & Recom. at 4.) [Dkt 45.] The District Judge accepted the recommendation to return the matter to this court to review the Government's additional information in the first instance. (Order, June 6, 2013.) [Dkt 46.]

Even with the corrected information in the Government's objection, however, there were still unresolved problems with the Government's calculations. (Order, July 8, 2013, at 3.) [Dkt 47.] For example, the Government's objection suggested that the interest on Mitchell's loan accrues at a fixed rate, when it in fact varies annually. (*Id.*) Further, the Government did not explain how it calculated the amount of interest. (*Id.*) The Government was ordered to submit a further submission in support of its request for a default judgment that included: 1) evidence, other than a certificate of indebtedness, of the amount owed to the Government; 2) citation to authority supporting the Government's requested interest rate; and 3) a computation that shows how the requested amount of interest is calculated from the requested principal amount and the applicable interest rate. (*Id.*)

The Government then filed its first further submission, but this filing was still lacking. (Pl.'s Further Submission.) [Dkt 49.] Although the Government submitted an new affidavit from a Department of Education loan analyst attesting to the amount owed, this affidavit did not say when

2

the interest began to accrue. (*Id.*, Ex. A.) Further, the Government only provided the current interest rate for the loan, even though the interest rates for PLUS loans varies by year for each July 1 to June 30 period. *See* 34 C.F.R. § 682.202(a)(2)(v). (Order, Sept. 6, 2013, at 2.) [Dkt 50.] These oversights made it impossible for the court to verify the Government's calculations. (*Id.* at 3-5.)

The Government was ordered to file a *second* supplement "explaining, year by year, how it calculated the amount and rate of interest the defendant owes, including the date interest began to accrue." (*Id.* at 5.) Although the amount of the loan may seem small, the court noted, "any unjustified amount is significant to the defendant who will be subject to a judgment that she may be paying over a long period of time and that is unlikely to be discharged even if she were to file bankruptcy." (*Id.* at 4.) The court further explained that "the integrity of the Government's calculations is critical" because "a significant number of student loan collection cases result in default judgments entered by the clerk's office solely on the government's representations." (*Id.*)

## DISCUSSION

In its second submission, the Government finally provides a year-by-year account history for Mitchell's loan. (Pl.'s Second Further Submission, Ex. A.) This account history properly includes the varying annual interest rates for PLUS loans. (*Id.* at 2.) It also clarifies that the date interest began to accrue was April 19, 2005, the date the guarantor paid the default claim to the lender. (*Id.*) It is curious that this date was not included in the Government's earlier submissions; it is essential to calculating the amount of interest the guarantor must charge under 34 C.F.R. § 682.410(b)(4). Additionally, the account history shows two small borrower credits, totaling $16.73, for differences "between manual calculation and actual interest" in the Department of Education's system. (*Id.* at

3

2-3.)  The Government should, in the future, provide this type of information at the outset so that the court can fulfill its duty to "ascertain the amount of damages with reasonable certainty.'" *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

In any event, the newly submitted account history is sufficient evidence to show the amount of damages here.  Based on this evidence, Mitchell owes $9,676.41 as of September 20, 2013.  (Pl.'s Second Further Submission at 2.)

## CONCLUSION

The court respectfully recommends that the Government's motion for an entry of a default judgment be granted and that judgment be entered against defendant Ingrid Mitchell in the amount of $9,676.41 plus any interest accrued to the date of judgment.  Specific written objections to this report and recommendation may be served and filed within 14 business days from the date that this order is served.  Fed. R. Civ. P. 72.  Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this court in the report and recommendation.  *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

ــــــــــــــــــــــــــــــــــــــــــــــــــــ
Geraldine Soat Brown
United States Magistrate Judge

Date: October 3, 2013